UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

STEVE TRAXLA BOLAND,

       Plaintiff,
v.

LARRY JUDD,
JERRY ELLIS ERBAUGH,

       Defendants.
_____/

# COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, STEVE TRAXLA BOLAND ("Boland"), brings this action against Defendants, LARRY JUDD ("Judd") and JERRY ELLIS ERBAUGH ("Erbaugh"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Boland was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. Judd is Boland's employer as defined in 29 U.S.C. § 203(d), and was directly involved in decisions affecting Boland's duties, compensation, and hours worked.

4. Erbaugh is Boland's employer as defined in 29 U.S.C. § 203(d), and was directly involved in decisions affecting Boland's duties, compensation, and hours worked.

5. Judd and Erbaugh jointly employed Boland throughout his employment, shared Boland's services, had Boland acting in the interest of both Defendants, and shared common control of Boland.

6. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

7. At all times material hereto, Boland worked within an institution that was primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

8. Boland's work within the institution was closely related and directly essential to the institution's care of the sick, the aged, and/or the mentally ill or defective who reside on the premises of such institution and Boland is, therefore, covered by the FLSA.

9. At all times material hereto, Boland engaged in interstate commerce on a regular and recurring basis, including but not limited to interstate travel to Nevada and California, and is individually covered by the FLSA.

10. At all times material hereto, Boland was an employee in the domestic service of a home and performing a variety of domestic services as defined by 29 U.S.C. § 202.

11. Boland worked for Defendants as a home health aide.

12. Defendants failed to pay Boland's full and proper overtime wages.

13. Defendants knowingly and willfully refused to pay Boland's legally-entitled wages.

14. Attached as **<u>Exhibit A</u>** is a preliminary calculation of Boland's claims. These amounts may change as Boland engages in the discovery process.

15. Boland retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

16. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-15 above as if set forth herein in full.

17. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

18. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791